Criminal Case Template



COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



ALBERT MIXON,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.
§



§


§


§


§

No. 08-05-00380-CR


Appeal from the


Criminal District Court No. 2


of Dallas County, Texas


(TC# F-0453904-LI)


O P I N I O N



 This is an appeal from a jury conviction for the offense of burglary of a building, enhanced
by two prior felony convictions. The jury assessed punishment at ten years' imprisonment in the
Institutional Division of the Texas Department of Criminal Justice, and a fine of $5,000. We affirm.

I. SUMMARY OF THE EVIDENCE


 Neal Cline testified that, on July 12, 2004, he was a certified police officer working for the
Life School, a public charter school housed on the property of a church in the Oak Cliff area of
Dallas, Texas. He patrolled evenings in a golf cart as the school had not yet acquired any police cars. 
While on patrol, he was in full uniform, and he wore a hat with "POLICE" written on it in reflective
lettering. At about 11 p.m. on the 12th of July, he checked a maintenance shed and saw that the door
was open. No one was working at the school at that time of night, and the door should not have been
open. When Officer Cline had checked an hour earlier, the door had been closed and locked. The
area where the shed was located was entirely enclosed by a six-foot-tall metal fence with three
locked gates. The area lacked lighting and Officer Cline used a bright flashlight to inspect the shed. 
 As Officer Cline approached the shed, he observed an African-American male, later
identified as Appellant, run out of the shed toward the fence. Appellant was wearing a bright orange
T-shirt and shorts. Officer Cline chased after Appellant in the golf cart, but he lost sight of him as
he turned a corner. The officer saw Appellant again at the playground area. He was easily
recognizable by his bright orange shirt. Appellant was running around the area trying to get outside
the three-foot-high fencing. He was finally able to get over the fence, and he ran across the parking
lot to a nearby road. Officer Cline chased Appellant to the intersection of the interstate highway and
another road. The witness stated that he was absolutely sure that the individual he was chasing was
the same individual who had come out of the shed earlier.

 Officer Cline's testimony continued as follows: He announced that he was a police officer,
but Appellant kept running. Driving the golf cart, the officer caught up with Appellant beneath the
overpass of the interstate, and he kicked Appellant to the ground. Appellant was the only one in
sight, and he was wearing the same orange shirt. When Officer Cline attempted to put Appellant into
handcuffs, he resisted. The officer pepper-sprayed his face, and Appellant became compliant. 
Officer Cline placed Appellant in the golf cart and drove him to a parking lot by the church. He tried
to help Appellant wipe off his face, and he then called the Dallas Police Department, in order to
transport Appellant to jail. Appellant refused to provide his name or birth date.

 Dallas Police Officer Charles Moreland, Jr., testified that he arrested Appellant and
transported him to jail. Officer Moreland stated that, upon his arrival on the scene, he found
Appellant winded. Officer Moreland testified that Appellant's shirt was torn and that he believed
Appellant was wearing shorts.

 Officer Cline and some other Dallas Police Department officers went to inspect the
maintenance shed. The school's Facility Manager and Maintenance Director, Rick Mease, had
arrived, and he examined the shed as well. The shed door had been forcibly opened. Items from the
shed had been taken out and placed next to the inside of the fence. These items included a large
bubble gum machine and an airless paint sprayer valued at $2,000. The items were arranged
opposite a log with notches for foot and hand holds. The log had been leaned up against the outside
of the fence. Apparently, the log was used as a ladder. Officer Cline had not seen the log or the
items by the fence when on patrol an hour before he saw Appellant leave the shed. The print from
the sole of some footwear was found on a car parked between the shed and the fence. The sole was
clearly marked with the brand name "Sketchers." When Appellant was apprehended, the soles of
his Sketchers sandals had the same imprint as found on the car.

 Appellant testified on his own behalf. He stated that he had never been to the Life School
and had not burglarized the shed. Appellant related that he was walking underneath the interstate
overpass to his motel room. He was wearing blue, green, and yellow shorts and beach slippers, but
he was not wearing a shirt. Appellant testified that when Officer Cline reached the overpass, he
yelled at Appellant to stop or he would shoot. The officer kicked him to the ground. Appellant told
Officer Cline that he had the wrong person. Appellant asserted that the officer then stated, "[O]h,
you're going to put up a fight," and pepper-sprayed him. Appellant testified that the pepper spray
made it difficult to see and breath, and he was unable to speak when someone asked him his name. 
 Appellant testified that he suffered from prior injuries which prevented his running, climbing,
or jumping over cars. He had steel pins in his leg from an injury he sustained when he was hit by
a car in February 2000. His leg was broken in four places. Appellant introduced medical records
into evidence to support this contention, and he showed his scar to the jury.

II. DISCUSSION


 In Issues Nos. One and Two, Appellant contends that the evidence is legally and factually
insufficient to support the conviction.

 In reviewing the legal sufficiency of the evidence, we are constrained to view the evidence
in the light most favorable to the judgment to determine whether any rational trier of fact could find
the essential elements of the offense, as alleged in the application paragraph of the charge to the jury,
beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S. Ct. 2781 (1979); Butler v.
State, 769 S.W.2d 234, 239 (Tex. Crim. App. 1989); Humason v. State, 728 S.W.2d 363, 366 (Tex.
Crim. App. 1987). More particularly, sufficiency of the evidence should be measured by the
elements of the offense, as defined by the hypothetically correct jury charge for the case. Malik v.
State, 953 S.W.2d 234, 239-40 (Tex. Crim. App. 1997). (1)

 Our role is not to ascertain whether the evidence establishes guilt beyond a reasonable doubt. 
Stoker v. State, 788 S.W.2d 1, 6 (Tex. Crim. App. 1989), cert. denied, 498 U.S. 951, 111 S. Ct. 371
(1990); Dwyer v. State, 836 S.W.2d 700, 702 (Tex. App.--El Paso 1992, pet. ref'd). We do not
resolve any conflict in fact, weigh any evidence, or evaluate the credibility of any witnesses, and
thus, the fact-finding results of a criminal jury trial are given great deference. Menchaca v. State,
901 S.W.2d 640, 650-52 (Tex. App.--El Paso 1995, pet. ref'd); Adelman v. State, 828 S.W.2d 418,
421 (Tex. Crim. App. 1992); Matson v. State, 819 S.W.2d 839, 843 (Tex. Crim. App. 1991); Leyva
v. State, 840 S.W.2d 757, 759 (Tex. App.--El Paso 1992, pet. ref'd); Bennett v. State, 831 S.W.2d
20, 22 (Tex. App.--El Paso 1992, no pet.). Instead, our only duty is to determine whether both the
explicit and implicit findings of the trier of fact are rational, by viewing all the evidence admitted
at trial in the light most favorable to the verdict. Adelman, 828 S.W.2d at 421-22. In so doing, we
resolve any inconsistencies in the evidence in favor of the verdict. Matson, 819 S.W.2d at 843
(quoting Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988)). The trier of fact, not the
appellate court, is free to accept or reject all or any portion of any witness's testimony. Belton v.
State, 900 S.W.2d 886, 897 (Tex. App.--El Paso 1995, pet. ref'd).

 In reviewing the factual sufficiency of the evidence to support a conviction, we are to view
all the evidence in a neutral light, favoring neither party. Johnson v. State, 23 S.W.3d 1, 7 (Tex.
Crim. App. 2000); Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). Evidence is
factually insufficient, if it is so weak that it would be clearly wrong and manifestly unjust to allow
the verdict to stand, or if the finding of guilt is against the great weight and preponderance of the
available evidence. Johnson, 23 S.W.3d at 11. Therefore, the question we must consider in
conducting a factual sufficiency review is whether a neutral review of all the evidence, both for and
against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine
confidence in the fact finder's determination or that the proof of guilt, although adequate if taken
alone, is greatly outweighed by contrary proof. See id. In performing this review, we are to give due
deference to the fact finder's determinations. See id. at 8-9; Clewis, 922 S.W.2d at 136. The fact
finder is the judge of the credibility of the witnesses and may "believe all, some, or none of the
testimony." Chambers v. State, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991). Consequently, we
may find the evidence factually insufficient only where necessary to prevent a manifest injustice
from occurring. See Johnson, 23 S.W.3d at 9, 12; Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim.
App. 1997).

 Appellant maintains that the State failed to link him to the shed or the items taken from the
shed. He also asserts that the testimony of the officers involved in his apprehension is conflicted and
his medical records demonstrate that he could not have run from Officer Cline or scaled any fences. 
Appellant points to the facts that Officer Cline lost sight of him during a portion of the chase and that
the arresting officer did not mention the color of the shirt Appellant was wearing. However, the
testimony indicates that Appellant emerged from the shed and fled. The clothing was distinctive,
and there was no one else in view. The items that had been removed from the shed were placed next
to the fence and a log had been placed on the fence, apparently to facilitate the removal of the
property. The items were not outside the shed when Officer Cline had patrolled the area an hour
before. Furthermore, the sole print found at the scene matched the sandals Appellant was wearing. 
Given this evidence, we find that the evidence is legally sufficient to support the conviction. See
Black v. State, 183 S.W.3d 925, 928 (Tex. App.--Houston [14th Dist.] 2006, pet. ref'd).

 Regarding the factual sufficiency of the evidence, the Appellant testified that he had not been
on the school grounds and that he was physically incapable of climbing and running. However, these
were matters determinable by the fact finder. The evidence is not so outweighed by contrary proof
as to effect a manifest injustice. (2) Accordingly, the evidence is factually sufficient to support the
conviction. Issues Nos. One and Two are overruled.

 In Issues Nos. Three through Six, Appellant contends that the court abused its discretion by
allowing four prior convictions into evidence in order to impeach him during the guilt phase of trial. 
Specifically, Appellant asserts that the court erred in admitting evidence of his September 17, 2001,
conviction for burglary of a building; in admitting evidence of his July 20, 2000, conviction for
credit card abuse; in admitting evidence of his August 8, 2002, conviction for unauthorized use of
a motor vehicle (UUMV); and in admitting evidence of his August 14, 2002, conviction for burglary
of a vehicle.

 Prior to trial, Appellant filed a motion requesting a hearing before any of his prior convictions
were utilized to impeach him. After the State rested, and prior to Appellant's testimony, a hearing
was held to determine the admissibility of his prior convictions for impeachment purposes. At this
hearing, Appellant objected to impeachment by reference to convictions for burglary of a building,
credit card abuse, and unauthorized use of a motor vehicle, on the ground that the prejudicial value
of those convictions outweighed their probative value.

 At trial, Appellant admitted to having been convicted of burglary of a building on
September 17, 2001. He also admitted to having been convicted of burglary of a vehicle on June 6,
2001. He was questioned about a burglary of vehicle conviction from August 14, 2002. Appellant
objected on the ground that it was improper impeachment with a misdemeanor. The court overruled
the objection. Appellant stated that he knew of only one burglary of a vehicle conviction. He
admitted to a credit card abuse conviction from July 20, 2000. He also admitted to a misdemeanor
theft conviction dated March 22, 2001. Appellant stated that he was the individual convicted of
unauthorized use of a motor vehicle on August 8, 2002. Appellant was also questioned about several
other offenses, but he could not state definitively whether he had committed those offenses.

 Initially, we must address the State's argument that Appellant has waived these contentions
on appeal. As we noted above, Appellant objected to the introduction of the convictions for burglary
of a building, unauthorized use of a motor vehicle, and credit card abuse on the ground that their
probative value was outweighed by their prejudicial effect. The State contends that, as Appellant
did not object to the introduction of these offenses during his cross-examination, he has waived his
contentions on appeal. It is well-settled that the denial of a motion in limine is not sufficient to
preserve error for review; rather, there must be a proper objection to the proffered evidence. McDuff
v. State, 939 S.W.2d 607, 618 (Tex. Crim. App. 1997); Basham v. State, 608 S.W.2d 677, 679 (Tex.
Crim. App. 1980). However, while a motion in limine does not preserve error, error can be
preserved by a timely objection made in a hearing outside the presence of the jury. Manns v. State,
122 S.W.3d 171, 190 (Tex. Crim. App. 2003). Appellant objected at the hearing to three of the
proffered prior convictions on the ground raised on appeal. He has preserved his contentions on
appeal with regard to those prior convictions.

 With regard to the burglary of a vehicle conviction, Appellant did not object at the hearing. 
Instead, he objected, while being cross-examined, that it was improper impeachment with a
misdemeanor. This is not the contention raised on appeal. A contention on appeal must comport
with the same legal theory presented to the trial court by a timely, specific objection. A trial
objection which states one objection may not be used to support a different theory on appeal. See
Davila v. State, 930 S.W.2d 641, 650 (Tex. App.--El Paso 1996, pet. ref'd); Maldonado v. State, 902
S.W.2d 708, 711 (Tex. App.--El Paso 1995, no pet.). Accordingly, Appellant has not preserved his
appellate contention regarding his prior conviction for burglary of a vehicle.

 The trial court's admission of evidence is reviewed under an abuse of discretion standard.
Weatherred v. State, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000). The appellate court must uphold
the trial court's ruling if the admission of the evidence was within the zone of reasonable
disagreement. Id. (citing Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op.
on reh'g)).

 The Court of Criminal Appeals has set out a non-exclusive list of five factors for courts to
consider in determining under Rule 609 whether a prior conviction's probative value outweighs its
prejudicial effect: (1) the impeachment value of the prior crime; (2) the temporal proximity of the
past crime relative to the charged offense and the witness's subsequent history; (3) the similarity
between the past crime and the offense being prosecuted; (4) the importance of the defendant's
testimony; and (5) the importance of the credibility issue. Theus v. State, 845 S.W.2d 874, 880 (Tex.
Crim. App. 1992) (citing United States v. Mahone, 537 F.2d 922, 929 (7th Cir.), cert. denied, 429
U.S. 1025, 97 S. Ct. 646 (1976)). (3)

 Regarding the first factor, the impeachment value of prior crimes involving deception or
moral turpitude is greater than for crimes involving violence. Id. at 881; Deleon v. State, 126 S.W.3d
210, 215 (Tex. App.--Houston [1st Dist.] 2003, pet. dism'd). Further, violent crimes are likely to
have more of a prejudicial effect. Theus, 845 S.W.2d at 881; Deleon, 126 S.W.3d at 215. Burglary
and credit card abuse are crimes of deception, rather than of violence. See Tex. Pen. Code Ann.
§ 32.31 (credit card abuse); White v. State, 21 S.W.3d 642, 647 (Tex. App.--Waco 2000, pet. ref'd)
(burglary). UUMV is also a crime of deception. Baca v. State, ___ S.W.3d ____, No. 07-05-0132-CR, 2006 WL 1418636, at *5 (Tex. App.--Amarillo May 24, 2006, no pet.) (not yet published). 
Accordingly, the first factor favors admission.

 Second, the temporal proximity of Appellant's prior offenses relative to his current offense
was within the presumptive ten-year time limit set by Rule 609 of the Rules of Evidence. See Tex.
R. Evid. 609(b). This second factor also weighs in favor of admission.

 Third, Appellant's prior convictions were for burglary of a building, UUMV, and credit card
abuse. The burglary is similar to the instant offense, while the credit card abuse and UUMV
convictions are not. This factor weighs against admission of the burglary of a building conviction,
while it weighs in favor of admission of the other two convictions. See Theus, 845 S.W.2d at 881.

 Because Appellant was the only witness to testify on his behalf, the fourth and fifth factors
both suggest admission of all three convictions. See id.

 As stated, a ruling permitting use of a prior conviction to impeach will be reversed only upon
a showing of a clear abuse of discretion. Id. With regard to the credit card abuse and UUMV cases,
all five factors point in favor of admission. Regarding the prior burglary of a building conviction,
four of the five factors point in favor of admission, while one factor militates against it. We find that
the court did not abuse its discretion in admitting evidence regarding any of the three prior
convictions. Issues Nos. Three through Six are overruled.

III. CONCLUSION 


 We affirm the judgment of the trial court.


 KENNETH R. CARR, Justice


May 31, 2007


Before Chew, C.J., McClure, and Carr, JJ.


(Do Not Publish)

1. The application paragraph in the court's charge to the jury read:


 Now, if you find from the evidence beyond a reasonable doubt that on or about July 12, 2004,
in Dallas County, Texas, the defendant, Albert Mixon, did unlawfully, intentionally or knowingly enter
a building not then and there open to the public without the effective consent of Rick Mease, the owner
thereof, with the intent to commit theft, and further, said defendant did intentionally or knowingly
enter a building without the effective consent of Rick Mease, the owner thereof, and did then and there
commit and attempt to commit theft, then you will find the defendant guilty as charged in the
indictment.
2. Although Appellant put the medical records of his four and one-half-year-old injury into evidence, he offered
no testimony other than his own assertions as to how or whether this injury impacted his physical ability at the time of
the burglary.
3. Tex. R. Evid. 609 provides in pertinent part:


 (a) General Rule. For the purpose of attacking the credibility of a witness, evidence that the
witness has been convicted of a crime shall be admitted if elicited from the witness or established by
public record but only if the crime was a felony or involved moral turpitude, regardless of punishment,
and the court determines that the probative value of admitting this evidence outweighs its prejudicial
effect to a party.


 (b) Time Limit. Evidence of a conviction under this rule is not admissible if a period of
more than ten years has elapsed since the date of the conviction or of the release of the witness from
the confinement imposed for that conviction, whichever is the later date, unless the court determines,
in the interests of justice, that the probative value of the conviction supported by specific facts and
circumstances substantially outweighs its prejudicial effect.